**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LUCIN HAMILTON,　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　) | |
| 　　　　　　Petitioner,　　　　　) | **Case No. 18-CV-_____** |
| 　　　　　　　　　　　　　　　　　) | |
| 　　v.　　　　　　　　　　　　　) | **Petition to Vacate Arbitration Award** |
| 　　　　　　　　　　　　　　　　　) | **Of Appellate Arbitration Proceeding** |
| 　　　　　　　　　　　　　　　　　) | |
| NAVIENT SOLUTIONS, LLC　　　　) | |
| 　　　　　　　　　　　　　　　　　) | |
| 　　　　　　Respondent.　　　　　) | |

## COMPLAINT

Petitioner Lucin Hamilton (hereinafter, "Petitioner" or "Mrs. Hamilton"), through her undersigned attorneys, in support of her petition to vacate arbitration award, respectfully alleges and prays as follows:

### I. NATURE OF THE ACTION

1.      This petition is brought pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.,* to vacate an Arbitration Award on appeal entered against Petitioner in contravention of factual stipulations which were improperly overturned in an appellate arbitration proceeding without just cause or due process.

### II. JURISDICTION AND VENUE

2.      This Honorable Court has jurisdiction to vacate the Arbitration Award at issue pursuant to 9 U.S.C. § 10(a).

3.      Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C. § 1391 and 9 U.S.C. § 10(a) because the original Arbitration hearing was held, and the Arbitration Award to be vacated was made, within this district.

### III. PARTIES

4.     Petitioner Lucin Hamilton is an individual residing within the State of New York, at 163-27 130th Ave. Apt. 3B, Jamaica, NY 11434.

5.     Respondent Navient Solutions, LLC is a limited liability company with headquarters at 2001 Edmund Hall y Drive, Reston, VA 20191.

### IV.     ORIGINAL ARBITRATION AWARD AND ARBITRATION AWARD ON APPEAL

6.     The Appellate Arbitration Award Respondent requests be vacated was issued on March 19, 2018 (**Exhibit 13**).

7.     The original arbitration proceeding involved Respondent's telephonic harassment of Mrs. Hamilton using an automated telephone dialing system to incessantly dial her cellular telephone without her consent. See **Exhibit 1.**

8.     The evidentiary hearing ("arbitration hearing") on the original arbitration proceeding occurred on May 9, 2017 in New York, New York.  Prior to the hearing the parties entered into a written stipulation that, *inter alia*, "[a]fter the conversation on April 21, 2016 [Respondent] no longer possessed Ms. Hamilton's consent to place calls to her cellular telephone using an automatic telephone dialing system." The parties further stipulated the fact that after April 21, 2016, Respondent called Claimant's cell phone 232 times using a Noble Dialer in "Preview" mode. See **Exhibit 2.**

9.     In light of the factual stipulations, after the arbitration hearing, Respondent argued in its post-hearing brief that: (1) in "Preview" mode the Noble Dialer is not an automatic telephone dialing system; (2) Claimant should not be able to prevail for any calls beyond the 143 that she logged; and (3) treble damages under the TCPA were not warranted. Claimant argued in

her post-hearing brief that the Noble Dialer used by Respondent is an automatic telephone dialing system while in "Preview" for purposes of the TCPA, and that Respondent is liable to Claimant for 232 violations of the TCPA. Accordingly, in light of the factual stipulations, there was no evidence presented at the hearing concerning Respondent's lack of consent to call Hamilton 232 times to her cellular phone using an automated telephone dialing system. See **Exhibit 3.**

10.     On June 28, 2017 the Arbitrator issued his findings and entered the Award of Arbitrator in the original arbitration proceeding. Specifically, the Arbitrator found Petitioner Hamilton to be the prevailing party and awarded her $116,000 in damages to be offset by the outstanding balance of a private Signature Student Loan owed to Respondent Navient Solutions, LLC. See **Exhibit 4.**

11.     After the original arbitration proceeding with an evidentiary hearing ended favorably in favor of the Petitioner (**Exhibit 4),** on July 5, 2017, Navient Solutions, LLC ("Respondent") filed a Notice of Appeal of the original Arbitration Award, based on a one-sided, unconscionable provision effectively *only allowing Respondent* a new arbitration proceeding. See **Exhibit 5.**

12.     On July 7, 2017, Petitioner filed a motion to dismiss, establishing that: (1) the appeal was based on a one-sided, unconscionable clause effectively only giving Respondent the right to appeal, including a *de novo* evidentiary proceeding; and (2) that the appeal was premised on the withdrawal of factual stipulations of the parties that were conclusively accepted by the arbitrator in reaching the original arbitration award. See **Exhibit 6.**

13.     On August 9, 2017, Respondent opposed Mrs. Hamilton's motion to dismiss (**Exhibit 7**) and on August 16, 2017, Mrs. Hamilton filed her Reply in Support of Motion to Dismiss (**Exhibit 8**).

14.     On November 17, 2017, the arbitration panel denied the motion to dismiss the appeal. See **Exhibit 9**.

15.     Pursuant to the arbitration panel's scheduling order, the parties filed their respective appellate briefs, including a Reply Brief by Respondent, Appellant in said proceeding (**Exhibits 10** through **12**).

16.     On March 19, 2018, the arbitration panel issued a "Final Award on Appeal by Appellate Tribunal." See **Exhibit 13** (hereinafter, "Appellate Arbitration Award"). The arbitration panel decided to allow Respondent to withdraw a factual stipulation in the already adjudicated arbitration proceeding and made an unsupported contrary factual determination without a hearing, summarily resolving the *de novo* arbitration appeal against Hamilton. Namely, the panel allowed the withdrawal based on the legal effect that the recent decision of Reyes v. Lincoln Automative Financial Services, 861 F.3d 51 (2d Cir. 2017) may have had on Respondent's factual stipulation.

17.     In light of the Reyes decision, Respondent decided to withdraw the factual stipulation that it did not have Mrs. Hamilton's consent to incessantly call her on her cell phone using an automated dialing system, a withdrawal which was allowed by the arbitration panel on appeal.

18.     Although the panel tried to argue that the withdrawal was merely "of the legal import of facts," not the facts themselves, it is unquestioned that no evidence was ever presented in the original evidentiary pertaining the issue of consent to be called *precisely because* of said factual stipulation by Respondent.

### V.     BASES FOR VACATING THE AWARD ON APPEAL

19.     The Appellate Arbitration Award should be set aside because, *inter alia*, the arbitration panel's decision was issued in violation of the Federal Arbitration Act, 9 U.S.C. §10

(a) (3) and (a)(4).

20.     Not only did the arbitration panel set aside what was clearly a factual stipulation solely because the <u>Reyes</u> decision made the withdrawal unduly advantageous for Respondent, but the appellate panel made a factual determination that had not been the object of the evidentiary hearing before the arbitrator, that is, that Navient had Mrs. Hamilton's consent to be called to her cellular phone number from Navient's automated telephone dialing system and that she never revoked that consent.

21.     The arbitration panel violated 9 U.S.C. § 10(a)(3) by setting aside a factual determination made in the original evidentiary proceeding based on the undue advantage on appeal of said withdrawal to one party, and by making a contrary factual determination pertinent and material to the Petitioner's claim. This irregular behavior by the appellate arbitration panel, of setting aside a factual stipulation on appeal and instead *making the contrary factual determination* without that evidence having been weighed in a hearing, caused Petitioner great prejudice.

22.     The arbitration panel violated 9 U.S.C. § 10(a)(4) by exceeding its power to consider only the factual determinations in the original arbitration proceeding and whether they were supported by the evidence. The arbitration panel did not have the power to disregard the original arbitrator's factual determination by stipulation on Respondent's request to withdraw such factual stipulation on appeal, solely because recent case law made the withdrawal convenient to Respondent. The arbitration panel did not have the power to make a new factual determination on appeal, contrary to the factual determination by stipulation in the adjudicated arbitration proceeding.

WHEREFORE, Petitioner Lucin Hamilton respectfully requests that this Court vacate the Appellate Arbitration Award and reinstate the original arbitration award with such other and

further relief as the Court deems just.

      RESPECTFULLY SUBMITTED.

DATED:  June 15, 2018

                               *By: **/s/ Daniel Ruggiero***
                               DANIEL RUGGIERO
                               Attorney for Petitioner
                               **The Law Office of Daniel Ruggiero**
                               Daniel Goldsmith Ruggiero
                               275 Grove St., Suite 2-400
                               Newton, MA, 02466
                               P: (339) 237-0343
                               E: DRuggerioEsq@gmail.com

                               *Pro Hac Vice* Application to Follow:
                       By: **/s/ Carlos C. Alsina**
                               Carlos C. Alsina
                               Attorney for Petitioner
                               **The Law Office of Jeffrey Lohman, P.C.**
                               4740 Green River Rd., Suite 206
                               Corona, CA 92880
                               T: (866) 329-9217 ext. 1007
                               E: CarlosA@jlohman.com