UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2-14-19

------------------------------------------------------------X

LUCIN HAMILTON,

               *Petitioner*,

   *-against-*

NAVIENT SOLUTIONS, LLC,

               *Respondent*.

18 Civ. 5432 (PAC)

**OPINION & ORDER**

------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

The parties have filed cross applications to vacate and confirm an arbitration award in

favor of Respondent Navient Solutions, LLC ("Navient") for $12,512.72—the outstanding

amount Petitioner Lucin Hamilton owed on a student loan.

On June 28, 2017, Hamilton prevailed in an arbitration on the argument that Navient had

harassed her by repeatedly calling her cell phone using an automatic telephonic dialing system

("ATDS" or "autodialer") in violation of the Telephone Consumer Protection Act ("TCPA"), 47

U.S.C. § 227. On June 27, 2017, the day before issuing his award in favor of Hamilton, the

arbitrator refused to reopen the record to consider the effect of a Second Circuit case decided on

June 22, 2017, *Reyes v. Lincoln Automotive Financial Services*, 861 F.3d 51 (2d Cir. 2017),

holding that the TCPA does not permit parties to unilaterally revoke bargained-for consent to use

an ATDS to contact them. The arbitrator stated that revocation of consent was not an issue

requiring reconsideration because the parties had stipulated that Hamilton had revoked her

consent to be contacted with an ATDS by Navient. Navient appealed, and on March 19, 2018, a

three-judge arbitration panel found that under *Reyes*, Hamilton's consent was not revocable and awarded judgment in favor of Navient.

Hamilton argues that the arbitration panel exceeded its power in violation of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 10(a), by setting aside a factual determination made in the original evidentiary proceeding. (Dkt. 6 ¶¶ 21-22.) According to Hamilton, the arbitration panel was not empowered to make a new factual determination on appeal contrary to a stipulation in the original arbitration. (*Id.*) Navient counters that Hamilton's application for vacatur was not timely filed and that Hamilton cannot meet the heavy burden of demonstrating that the final award shows manifest disregard for the law or falls within 9 U.S.C. §§ 10(a), (Dkt. 25 at 6), and cross-moves to confirm the award pursuant to 9 U.S.C. § 9, (Dkt. 14 at 4-11 ("Cross-Pet.")).

For the reasons stated below, the Court DENIES Hamilton's Petition and Motion to Vacate the Arbitration Award and GRANTS Navient's Petition to Confirm the Arbitration Award.

## BACKGROUND

I.    **Student Loan Agreement**

On September 25, 2007, Hamilton executed a student loan application and promissory note, (Dkt. 14 Ex. A (the "Note")), to obtain a student loan. Pursuant to the Note, Hamilton agreed to make periodic payments on the loan, which is serviced by Navient, and consented to Navient's use of "automated telephone dialing equipment or an artificial or pre-recorded voice message" to contact her regarding the loan. (Cross Pet. ¶¶ 8-11 & Note ¶¶ A, B.4, K.1, O.14.)

An arbitration clause provided that either "party may elect to arbitrate—and require the other to arbitrate—... any legal claim, dispute, or controversy between [the parties] that arises from or relates in any way to the Note...." (*Id.* ¶ S.4.) Paragraph S.8 of the Note states that:

Any court with jurisdiction may enter judgment upon the arbitrator's award. The arbitrator's award will be final and binding, except for: (1) any appeal right under the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. (the "FAA"); and (2) Claims involving more than $50,000. For Claims involving more than $50,000, any party may appeal the award to a three-arbitrator panel appointed by the Administrator, which will reconsider de novo any aspect of the initial award that is appealed. The panel's decision will be final and binding, except for any appeal right under the FAA. . . .

Hamilton could have opted out of the arbitration provision within 60 days after the date of her first disbursement, but she did not exercise that option. (*Id.* ¶ S.1.)

Navient began to contact Hamilton on her cell phone regarding outstanding loan payments, and declared the loan in default as of November 30, 2016. (Cross Pet. ¶ 17.) As of May 1, 2017, the parties stipulated that the outstanding balance on Hamilton's unpaid loan was $12,512.72. (*Id.* ¶ 18.)

## II.    Arbitration Proceedings

In October 2016, Hamilton commenced an arbitration with the American Arbitration Association, contending that Navient was harassing her by using an automated telephone dialing system to incessantly dial her cellular telephone without her consent, in violation of the TCPA, and seeking $208,500 in damages. (Cross Pet. ¶ 21; Dkt. 6 ¶ 7 & Ex. 1 at 8.)

On May 9, 2017, an in-person evidentiary arbitration hearing was held before a single arbitrator in New York. (Dkt. 14 ¶ 24.) Prior to the hearing, the parties entered into a set of written stipulations, which stated in relevant part:

> 9. On April 21, 2016, Ms. Hamilton instructed one of NSL's call-center agents to stop calling her on her cellular telephone. She was advised that she would be "taken off the autodialer."
>
> 10. On April 21, 2016, NSL's call-center agent updated NSL's system of record to update Ms. Hamilton's autodial consent permission from "Y" to "N."
>
> 11. After the conversation on April 21, 2016 NSL no longer possessed Ms. Hamilton's consent to place calls to her cellular telephone using an automatic telephone dialing system.

12. NSL called Ms. Hamilton's cellular telephone number two hundred thirty-seven (237) times after April 21, 2016.

(Dkt. 6 Ex. 2 ¶¶ 9-12.) There was no evidence presented at the hearing regarding consent to call Hamilton using an ATDS. (Dkt. 6 ¶ 9.) Rather, the hearing focused on whether the device used to call Hamilton was, in fact, an ATDS. (*See id.*)

On June 22, 2017, the U.S. Court of Appeals for the Second Circuit held in *Reyes v. Lincoln Automotive Financial Services*, 861 F.3d 51 (2d Cir. 2017), that the TCPA does not permit a party to unilaterally revoke consent that was made as part of a bargained-for exchange, rather than gratuitously. Navient emailed the arbitrator to request that the record be reopened for the limited purpose of considering the effect of *Reyes*, which it stated had "the potential to be dispositive" because under it, the parties' stipulation that Hamilton had revoked her consent to the use of an ATDS would not have been legally effective. (Dkt. 25 Ex. A.)

On June 27, 2017, the arbitrator denied Navient's request to reopen the record because Navient had stipulated that it "no longer possessed Ms. Hamilton's consent to place calls to her cellular telephone using an automatic telephone dialing system" and "[r]evocation of consent by [Hamilton] [wa]s . . . not an issue presented for decision in this arbitration." (Dkt. 14 Ex. 2.)

The arbitrator found in favor of Hamilton on June 28, 2017, and awarded her $116,000 in damages, offset by the outstanding balance of her student loan owed to Navient in the amount of $12,512.72, for a total net award to Hamilton of $103,487.28. (Dkt. 6 ¶ 10 & Ex. 4.)

On July 5, 2017, Navient filed a Notice of Appeal of the award to a three-judge arbitration panel, and on November 17, 2017, the arbitration panel denied Hamilton's motion to dismiss the appeal. (*Id.* ¶¶ 11-14 & Ex. 9.) The arbitration panel issued a final award on March 19, 2018, finding that under *Reyes*, Hamilton's "consent was not revocable, and her withdrawal of consent was null and void," reversing and vacating the portion of the initial award ruling in

Hamilton's favor, and affirming the initial award ruling in favor of Navient the outstanding balance of the Loan—$12,512.72. (Dkt. 6 ¶ 16 & Ex. 13.)

Hamilton now seeks to vacate the arbitration award, and has filed both a Petition and Motion to Vacate. (Dkts. 6, 20.) Navient cross-moves to confirm the award. (Dkts. 14, 16.)

## DISCUSSION

### I.    Standards

#### A.    Application for Vacatur

Under the FAA, a district court's role in reviewing an arbitral award is "narrowly limited," and requires "great deference" to arbitrators' determinations. *Dolan v. ARC Mech. Corp.*, No. 11 CIV. 09691 PAC, 2012 WL 4928908, at *2 (S.D.N.Y. Oct. 17, 2012). "A motion to vacate filed in federal court is not an occasion for *de novo* review of an arbitral award." *Wallace v. Butler*, 378 F.3d 182, 189 (2d Cir. 2004). Rather, a district court may vacate an arbitration award only under the very limited circumstances outlined in the FAA, where:

> (1) the award was procured by corruption, fraud, or undue means;
>
> (2) there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Under Second Circuit case law, a district court may also vacate an arbitral award if the arbitrator showed manifest disregard for, or intentional defiance of, the law. *See STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC*, 648 F.3d 68, 78 (2d Cir. 2011). In considering whether the arbitrator showed manifest disregard, a court should be "highly deferential" to the arbitrator and vacate the award only in rare circumstances. *Id.*

**B.  Motion to Confirm**

When a party applies for confirmation of an arbitration award pursuant to an agreement between the parties that a court may enter judgment on an award, a district court must grant the order "unless the award is vacated, modified, or corrected." 9 U.S.C. § 9; *see also Scandinavian Reinsurance Co. Ltd. v. Saint Paul Fire and Marine Ins. Co.*, 668 F.3d 60, 78-79 (2d Cir. 2012). Accordingly, unless one of the four circumstances outlined in 9 U.S.C. § 10 exist or the arbitrators showed manifest disregard for, or intentional defiance of the law, a reviewing court must confirm an arbitration award.

**II.  Analysis**

**A.  Timeliness**

As an initial matter, Navient argues that Hamilton's motion to vacate is untimely for one of two reasons: (1) it was originally filed as a petition rather than a motion, and was not refiled as a motion until July 17, 2018—approximately four weeks after the expiration of the three-month period for challenging the arbitration panel's final decision under 9 U.S.C. § 12; or (2) even if the petition were deemed a "motion," it was not served on Hamilton via electronic case filing ("ECF") until June 20, 2018, one day after the three-month period closed. (Dkt. 25 at 14.)

Hamilton did not initially file her request for vacatur in the proper form, as a motion. *Kruse v. Sands Bros. & Co.*, 226 F. Supp. 2d 484, 486 (S.D.N.Y. 2002) ("A request for vacatur must be made in the form of a motion."). Instead, she first filed a complaint, civil cover sheet, and request for issuance of summons on June 15, 2018. (Dkts. 1-3.) The Clerk's office flagged filing errors, and indicated that the wrong event type was selected for filing the complaint. (*Id.*) On June 18, 2018, Hamilton refiled the requested documents without error, relabeling the complaint a "Petition to Vacate Arbitration." (*See* Dkts. 5-8.) On June 19, 2018, electronic

summons was issued to Navient, (Dkt. 10), and on June 20, 2018 (one day late), service of the petition was completed on Navient, (*see* Dkt. 11). Finally, on July 17, 2018—nearly a month beyond the time prescribed under 9 U.S.C. § 12—Hamilton filed the required "motion" to vacate the arbitration award. (Dkt. 20).

District courts have exercised discretion, however, in considering petitions to vacate as motions under the FAA, and have recognized that the terms "petition" and "motion" are often used interchangeably.[1] *See, e.g., Lobaito v. Chase Bank*, No. 11 CIV. 6883 PGG, 2012 WL 3104926, at *4 (S.D.N.Y. July 31, 2012), *aff'd*, 529 F. App'x 100 (2d Cir. 2013); *Questar Capital Corp. v. Gorter*, 909 F. Supp. 2d 789, 802 (W.D. Ky. 2012) (collecting cases).

Regardless of whether the initial petition can be considered a motion, it was still served one day late. While it may appear to be harsh to strictly enforce the time provision, it must be noted that the goal of arbitration is to settle disputes efficiently and to avoid the cost of long term, expensive litigation. And "[t]he Second Circuit has made clear that there is no exception to this three month limitation period." *Kruse*, 226 F. Supp. 2d at 486. The three month period prescribed by 9 U.S.C. § 12 "is a statute of limitations and the failure to bring a timely motion is an absolute bar to an application seeking vacatur or modification." *Ne. Sec., Inv. v. Quest Capital Strategies, Inc.*, No. 03 Civ.2056(RWS), 2003 WL 22535093, at *2 (S.D.N.Y. Nov. 7, 2003). Even where a litigant "confronts obstacles to the prompt service of her pleading . . . because she must wait until that Clerk processes her complaint, that would not excuse her non-compliance with the notice requirement." *Santos v. Gen. Elec. Co.*, No. 10 CIV. 6948 JSR

---

[1] The Court also notes the irony that Navient's cross application to confirm the arbitration award was initially filed as a "Cross-Petition," not a motion. (Dkt. 14 at 4.)

MHD, 2011 WL 5563544, at *7 (S.D.N.Y. Sept. 28, 2011), *report and recommendation adopted*, No. 10 CIV. 6948 JSR, 2011 WL 5563536 (S.D.N.Y. Nov. 15, 2011).

Moreover, the Federal Rules of Civil Procedure only govern applications made under the FAA to the extent that procedures are not provided for in the FAA. As the FAA creates a strict three-month limitations period from the date of entry of an award for a party to serve an application to vacate, Fed. R. Civ. P. 4(m) does not extend the period of service to be 90 days after filing of a complaint or other termed application for vacatur. *See* 9 U.S.C. § 6; Fed. R. Civ. P. 81(a)(6)(B); *see also Kruse v. Sands Bros. & Co.*, 226 F. Supp. 2d 484, 486 (S.D.N.Y. 2002).

Hamilton could have emailed her application for vacatur to Navient or otherwise provided notice on time. Instead, service was not completed until one day after a deadline for which there are no exceptions. Hamilton's motion is time-barred. Even if it were not, the Court would still deny the motion to vacate for the following reasons.

## B.   Motion to Vacate

In general, a stipulation of fact fairly entered into by the parties is controlling. *See Fisher v. First Stamford Bank & Tr. Co.*, 751 F.2d 519, 523 (2d Cir. 1984). A stipulation of law, however, does not control. *See id.* The relevant stipulation reads, "After the conversation on April 21, 2016 NSL no longer possessed Ms. Hamilton's consent to place calls to her cellular telephone using an automatic telephone dialing system." (Dkt. 6 Ex. 2 ¶ 11.) The question of whether Ms. Hamilton could unilaterally revoke her bargained-for consent is a legal question. The parties' stipulations of fact do not control as to matters of law.

While Ms. Hamilton may not have presented evidence concerning her consent to be contacted by an ATDS at the initial arbitration hearing because of this factual stipulation, the appellate arbitration panel did not exceed its powers, show manifest disregard for the law, or

otherwise violate 9 U.S.C. § 10(a) in considering *Reyes* and holding that Hamilton could not unilaterally revoke her consent.

Hamilton attempts to distinguish her case—where Navient acknowledged Hamilton's request to cease being contacted on her cell phone and promised she would be taken off the autodialer—with *Reyes*—where there was no acknowledgement of a cease and desist effort. But Navient's attempts to accommodate Hamilton's request, by switching from an autodialer to a live caller, do not mean that Hamilton revoked her consent or orally modified the terms of her loan such that *Reyes* is inapplicable. Indeed, as is clear by Hamilton's complaint that Navient called her on her cell phone over 200 times after April 21, 2016, Navient did not believe or agree that Hamilton was permitted to unilaterally revoke the consent she gave in her student loan agreement. The arbitration panel did not exceed its powers or act improperly in applying *Reyes*.

The arbitration panel also did not manifestly disregard the law in this case. To the contrary, rather than "willfully flout[ing] the governing law by refusing to apply it," *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 217 (2d Cir. 2002), the arbitration panel applied a Second Circuit holding to conclude that the factual stipulation regarding withdrawal of consent had no legal impact.[2] The arbitration panel did not ignore a clear law, but rather obeyed one. *See Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003). Moreover, even if the Court believed that *Reyes* was ambiguous (it does not), application of an ambiguous legal standard would still not constitute manifest disregard. *See id.*

---

[2] Several courts outside of this district have held that callers can unilaterally revoke consent to be contacted via autodialer. *See ACA Int'l v. Fed. Commc'ns Comm'n*, 885 F.3d 687, 709 (D.C. Cir. 2018); *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1047 (9th Cir. 2017); *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014); *Gager v. Dell Financial Services, LLC*, 727 F.3d 265, 270-72 (3d Cir. 2013). But that the arbitration panel chose to follow the Second Circuit's directly applicable holding in *Reyes*—concerning the revocation of consent made as part of a bargained-for exchange—is far from manifest disregard to the law.

That the arbitration panel applied Second Circuit law rather than Utah law also did not show manifest disregard or violate 9 U.S.C. § 10(a). Hamilton did not argue to the arbitration panel that Utah law should be applied. In fact, Hamilton encouraged application of New York contract law. (*See* Dkt. 6 Ex. 6 at 3.) The arbitration panel's failure to consider a choice of law question that was not presented to it does not warrant vacatur.

### C.     Motion to Confirm

For the reasons discussed *supra*, there is no reason to vacate, modify, or correct the final arbitration award. The arbitration panel explained more than a "barely colorable justification" for its award. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). As the parties have agreed that a court with jurisdiction may enter judgment upon the award, the Court must grant the application to confirm the award. *See* 9 U.S.C. § 9.

## CONCLUSION

Because Hamilton's application for vacatur was untimely and the arbitration panel did not manifestly disregard the law, exceed its authority, or act impartially, corruptly, or with misconduct, the Court DENIES Hamilton's Petition to Vacate the Arbitration Award and Motion to Vacate Arbitration Award and GRANTS Navient's Petition to Confirm the Arbitration Award.

The Clerk of Court is directed to close the motions at Dkts. 16 and 20, enter judgment in favor of Respondent, and close the case.

Dated: New York, New York
      February 14, 2019

SO ORDERED

PAUL A. CROTTY
United States District Judge